IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT WAYNE CARTER,

    **Plaintiff,**

    v.                                                       CASE NO. 22-3004-SAC

HUTCHINSON POLICE
DEPARTMENT, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. On January 10, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 5). The Court's screening standards are set forth in detail in the MOSC.

Plaintiff alleges in his Amended Complaint that his Eighth Amendment rights were violated when he was subjected to police brutality and excessive force by police or sheriff's officers, and jail staff. Plaintiff alleges that he was rendered unconscious with multiple abrasions and a broken wrist, and was placed in a restraint chair at RCCF while convulsing. Plaintiff alleges that he was placed in the restraint chair after Deputy Stone broke the pads on the ankle restraints, causing a 3 inch square patch of skin to be "flayed" from his ankles. (Doc. 5, at 4.)

Plaintiff alleges that females were present while he was forcefully stripped. Plaintiff alleges that he was left in the restraint chair for an hour and thirty minutes and was convulsing. When deputies checked on Plaintiff, they noticed he was sweating badly, his eyes were rolled back into his head, he could not hold his head up, he was slipping in and out of consciousness, his breathing was shallow, and his heartrate had dropped to 39 BPM. Staff called for EMS and EMS decided to transport Plaintiff to the Emergency Room.

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'"

*Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

To satisfy the subjective component, the Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added). Disagreement over course of treatment, however, does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

"Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted). Claims of mistreatment while in state pretrial confinement are not covered by the Fourth Amendment or the Eighth Amendment. *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). They are assessed under the Fourteenth Amendment. *Id*.

The Court held in *Kingsley* that "the appropriate standard for a pretrial detainee's excessive[-]force claim is solely an objective one" and that therefore "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015)); *see also Colbruno*, 928 F.3d at 1163 ("[T]here is no subjective element of an excessive-force claim brought by a pretrial detainee.").

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the RCCF.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the RCCF to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) Officials responsible for the operation of the RCCF are directed to undertake a review of the subject matter of the Amended Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to the Amended Complaint and should be considered together.

(2) Upon completion of the review, a written report shall be compiled which shall be filed with the Court by **March 25, 2022,** and served on Plaintiff. The RCCF officials must seek leave of the Court in order to file certain exhibits or portions of the report under seal or without service on Plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(3)     Authorization is granted to the officials of RCCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(4)     No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(5)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Amended Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Reno County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the Reno County Sheriff, and to the Reno County Attorney.

**IT IS SO ORDERED**.

**Dated February 14, 2022, in Topeka, Kansas.**

>    s/ Sam A. Crow
>    **Sam A. Crow**
>    **U.S. Senior District Judge**