IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT WAYNE CARTER,**

    **Plaintiff,**

    v.                                     CASE NO. 22-3004-SAC

**HUTCHINSON POLICE
DEPARTMENT, et al.,**

    **Defendants.**

## ORDER TO SHOW CAUSE

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Amended Complaint that his Eighth Amendment rights were violated when he was subjected to police brutality and excessive force by police or sheriff's officers, and jail staff. Plaintiff alleges that he was rendered unconscious with multiple abrasions and a broken wrist, and was placed in a restraint chair at RCCF while convulsing. Plaintiff alleges that he was placed in the restraint chair after Deputy Stone broke the pads on the ankle restraints, causing a 3-inch square patch of skin to be "flayed" from his ankles. (Doc. 5, at 4.)

Plaintiff alleges that females were present while he was forcefully stripped. Plaintiff alleges that he was left in the restraint chair for an hour and thirty minutes and was convulsing. When deputies checked on Plaintiff, they noticed he was sweating badly, his eyes were rolled back into his head, he could not hold his head up, he was slipping in and out of consciousness, his breathing was shallow, and his heartrate had dropped to 39 BPM. Staff called for EMS and EMS decided to transport Plaintiff to the Emergency Room.

On February 15, 2022, the Court entered a Memorandum and Order (Doc. 6), directing the officials responsible for the operation of the RCCF to prepare a *Martinez* Report by March 25, 2022.  The Court extended the deadline to June 17, 2022.  (Docs. 9, 13, 18.)   This matter is before the Court on the Motion for Order for Medical Records and for Extension of Time to Submit *Martinez* Report (Doc. 19) filed by the RCCF officials (the Reno County Sheriff).  The RCCF officials seek an order from the Court requiring Plaintiff to sign a full and proper medical release to allow the Sheriff and counsel to obtain Plaintiff's medical reports and records from Plaintiff's healthcare providers for use in preparing the *Martinez* Report.

Plaintiff's claims put his medical care in issue in this case.  *See Fischer v. Dunning*, 574 F. App'x 828 (10th Cir. 2014) (where a plaintiff puts his physical health at issue, he must make a good faith effort to authorize the release of relevant medical records and without access to medical records the defendants were not able to meaningfully defend themselves against plaintiff's claims); *see also Watson v. Olathe Medical Ctr.*, No. 01-2382-CM, 2002 WL 73395, at *1 (D. Kan. Jan. 8, 2002) ("As a preliminary matter, a plaintiff waives the physician-patient privilege by bringing an action in which his or her medical condition is an element of the claim.") (citation omitted); *Bryant v. Hilst*, 136 F.R.D. 487, 491 (D. Kan. 1991); *Tatum v. Clarke*, No. 11-CV-1131, 2013 WL 654367, at *2 (E.D. Wisc. Feb. 20, 2013) (directing plaintiff that if he refuses to sign a waiver permitting defendants to access relevant medical records, he will not be entitled to obtain any damages for injuries that he maintains he suffered).

Counsel in this case has made multiple attempts to obtain the releases from Plaintiff.  The Court will grant Plaintiff an opportunity to:  1) sign a full and proper medical release as requested pursuant to the motion and memorandum at Docs. 19 and 19–1; 2) show good cause why he should not be required to sign the medical release as requested; or 3) voluntarily dismiss

his excessive force and deliberate indifference claims. The deadline for filing the *Martinez* Report is stayed pending further order of the Court.

Although Plaintiff has not provided the Court with a notice of change of address, the motion indicates that Plaintiff is now located at 19 N. Elm, Hutchinson, KS 67501. The Court's Local Rules require each pro se party to notify the clerk in writing of any change of address or telephone number. D. Kan. Rule 5.1(c)(3). The Court will direct the Clerk to provide Plaintiff with a copy of this Order to Show Cause at this new address as well as a copy at his current address of record.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **June 27, 2022,** in which to either: 1) sign a full and proper medical release as requested pursuant to the motion and memorandum at Docs. 19 and 19–1; 2) show good cause why he should not be required to sign the medical release as requested; or 3) voluntarily dismiss his excessive force and deliberate indifference claims.

**IT IS FURTHER ORDERED THAT** the deadline for filing the *Martinez* Report is stayed pending further order of the Court.

The Clerk is directed to send Plaintiff a copy of this Order to Show Cause at his current address of record and a copy to Plaintiff at 19 N. Elm, Hutchinson, KS 67501.

**IT IS SO ORDERED**.

**Dated June 9, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**