IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT WAYNE CARTER,**

    **Plaintiff,**

    v.                                       CASE NO. 22-3004-SAC

**HUTCHINSON POLICE**
**DEPARTMENT, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF"). Plaintiff has since been released from custody. The Court granted Plaintiff leave to proceed *in forma pauperis*. On January 10, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. The Court screened Plaintiff's Amended Complaint (Doc. 5) and entered a Memorandum and Order (Doc. 6) directing the officials responsible for the operation of the RCCF to file a *Martinez* Report. The Court's Memorandum and Order provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 6, at 4.) The *Martinez* Report (the "Report") has now been filed. (Docs. 25–29.) The Court's screening standards are set forth in detail in the MOSC.

Plaintiff alleges in his Amended Complaint that his Eighth Amendment rights were violated when he was subjected to police brutality and excessive force by police or sheriff's officers, and jail staff. Plaintiff alleges that he was rendered unconscious with multiple abrasions

and a broken wrist, and was placed in a restraint chair at RCCF while convulsing.  Plaintiff alleges that he was placed in the restraint chair after Deputy Stone broke the pads on the ankle restraints, causing a 3-inch square patch of skin to be "flayed" from his ankles.  (Doc. 5, at 4.)

Plaintiff alleges that females were present while he was forcefully stripped.  Plaintiff alleges that he was left in the restraint chair for an hour and thirty minutes and was convulsing.  When deputies checked on Plaintiff, they noticed he was sweating badly, his eyes were rolled back into his head, he could not hold his head up, he was slipping in and out of consciousness, his breathing was shallow, and his heartrate had dropped to 39 BPM.  Staff called for EMS and EMS decided to transport Plaintiff to the Emergency Room.

The Report provides that Plaintiff has failed to exhaust his administrative remedies. (Doc. 25, at 6.)  "RCCF has no written grievances in Carter's file, as required by the RCCF grievance procedure."  *Id*. at 7 (citing Ex. 11, McClay Affidavit ¶¶ 4–6; Ex. 17, RCCF Policies at 1–3."  "Carter has not provided any grievances despite requests."  *Id*. (citing Doc. 19–1, at 1, ¶ 3).

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims."  *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence."  *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)).  Thus, at this point in the proceedings the Court does not use the Report to resolve conflicts of fact.  *See Swoboda v. Duback*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the Martinez report, or any other pleading outside the complaint itself, to refute facts

specifically pled by a plaintiff, or to resolve factual disputes."). In light of the Report, the Court is considering dismissal of this matter for failure to exhaust administrative remedies. Plaintiff will be given an opportunity to respond to the Report and to show good cause why dismissal should not be entered. Failure to respond by the Court's deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **September 23, 2022,** in which to respond to the *Martinez* Report and to show good cause why this action should not be dismissed.

**IT IS SO ORDERED**.

**Dated August 26, 2022, in Topeka, Kansas.**

s/ Sam A. Crow
Sam A. Crow
U.S. Senior District Judge
